# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Demondra Burnett Jr.
_____
Plaintiff

vs.

Sorensen,
Dronenberg,
Frazier,
Coudle,
Tutosky,
Toppert
_____
Defendant(s)

Case No. 1:18-CV-01224-JBM
*(The case number will be assigned by the clerk)*

SCANNED at PCC and e-mailed
11/5/19 (date) by HZ (initials)
11 (# of pages)

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

---

## Third Amended COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

### I. FEDERAL JURISDICTION

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

~~Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or~~ other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

   Full Name: Demondon Burnett Jr.

   Prison Identification Number: B89222

   Current address: P.O. Box 99, Pontiac, Ill 61764

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

   Defendant #1:

   Full Name: (First-name-unknown) Svensen

   Current Job Title: Tact-team-member

   Current Work Address: P.O. Box 99, Pontiac, Ill 61764

   Defendant #2:

   Full Name: (First-name-unknown) Dranenberg

   Current Job Title: Tact-team-member

   Current Work Address: P.O. Box 99, Pontiac, Ill 61764

   Defendant #3:

   Full Name: (First-name-unknown) Frazier

   Current Job Title: Tact-team-member

2

Defendant #68
Full name: (first name unknown) Toppel
Current job title: Tact-team-member
Current work address: P.O. Box 99, Pontiac, Ill 61764

pg3

Current Work Address _P.O. Box-99, Pontiac, Ill. 61764_

Defendant #4:

Full Name: _(First-name-unknown) Caudle_

Current Job Title: _Tact-team-member_

Current Work Address _P.O. Box-99, Pontiac, Ill. 61764_

Defendant #5:

Full Name: _(First-name-unknown) Jutsky_

Current Job Title: _Tact-team-member_

Current Work Address _P.O. Box-99, Pontiac, Ill. 61764_

For additional defendants, provide the information in the same format as above on a separate page.

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☑

If yes, please describe _____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☑

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number _____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ☑   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☑   No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?   Yes ☑   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence _Pontiac C.C._

4

Date(s) of the occurrence  7/20/17

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

1.) On 7/20/17, (Orange-crush) was deployed to extract me from my cell-136, north cell house, for a flooding that occurred.

2.) As they came to my cell door & gave me my first directive order to cuff up, in which i complyed with no problems & cuffed up.

3.) (tact-team-member-Nonenberg) rushed into my cell while i was in a non threatery position on my knee's bent over, & smashed my face & body down onto the floor, while there was (fecal-matter), (urine), & (toilet-water) all over the floor.

4.) As (tact-team-member-Frazier) proceeded to place restraints on my legs (leg-irons), (tact-team-member-Caudle) stomped on my head with his boot before i was extracted out of my cell.

5.) As plaintiff, was extracted from cell & being escorted to the (holding-tank/strip-out-tank) by the (tact-team), (tact-team-members) (Caudle & Frazier) that were holding my (left & right-wrist's) began to use (excessive-force), by bending & applying so much pressure on my wrist's.

6.) Plaintiff, immediately screamed out in agony, & all defendant's ignored plaintiff's cry's & pleas for (Caudle & Frazier) to stop, that i am not resisting, & that my wrist's are in sever pain.

7.) As we were in the holding-tank/strip-out-tank, tact-team-member-Frazier that was holding my (left-wrist) leaned down, & whispered in my ear, "I told you we were going to get you nigger!"

8.) Tact-team-member-Frazier then proceeded to using excessive-force by applying pressure bending my wrist.

9.) I was then place in a bent over fetal position on my knee's, & tact-team-member-Caudle

5

& Frazier) began to strip me of my boxer's, shoes, & socks.

11) Then proceeded to do a cavity check (with out my consent,) In which tact-team-member-Tutohy begin to use a Flash-light to move/look my scrotum/testical area, & spread my buttocks.

12) This use of sexual harrasment, & abuse & excessive-force was employed to intimidate & terrorized plaintiff.

13) They clearly didn't have a legitimate penalogical reason to use the form of way they used to strip me down the way they did.

13) After all this occurred, i was asked by tact-team-member-Tuppel, "would i like to be seen by a med-tech." In which i replyed, "yes"

14) I was then seen by a med-tech.

15) As we begin to walk back toward my cell (tact-team-members-caudle & Frazier) that were holding my (left & right-wrists) began to apply extreme pressure upon my (wrists), which again made me cry out in agony.

16) Once again they still ignored my cry's & pleas to stop hurting me, & that i'm not resisting.

17) As we approched my cell-136, i was slamed face first into the steel cell door.

18) Tact-team-member-Tutohy proceeded to taking all my property out my cell without a (due process of law)(proper hearing or notice first, depriving me of any any & all my property, leaving me with nothing at all.

19) When on a 72-hour-strip-out, i am suppose to have (1) bed, (1) pair of boxers, (1) pair of shower shoes, (1) jumpsuit, (1) blanket & sheet, (1) washcloth, (1) soap, (3) toothpaste(pks), (3) shampoo(pks), (3) lotion(pks), & (3) deordarant(pks), Plaintiff was denied all of these things.

20) As Plaintiff, was being place back inside cell-136, tact-team-member-Frazier that was holding Plaintiff's (left-wrist) applyed so much force & pressure on my (wrist) that i felt my wrist pop as if he fractured it, or a tear occured.

21) I was once again slamed onto the cell floor with the same (fecal-matter)(urine) & flooded (toilet-water) that wasn't cleaned up first.

22) I was left in the cell for several days without any (water),(property),(medical attention), (food),(cleaning-supplies), or (medication).

6

23.) I was so mentally disturbed by this type of treatment, that i hung myself, attempting suicide, & i was placed on (suicide-watches).

(Parties)

24.) Plaintiff, Demendon Burnett jr., was incarcerated at pontiac c.c. during the events described in this complaint.

25.) Defendant, Sorensen is the tact-team-leader & in charged of dueing cell extraction described here in this complaint he is sued in his indi. & off. cap.

26.) Defendant, Tronenberg is in charge of dueing cell extraction described here in this complaint He is sued in his indi. & off. cap.

27.) Defendant, Frazier.

28.) Defendant, Caudle.

29.) Defendant, tutolly.

30.) Defendant, toffel.

31. All the defendants have acted & continued to act, under color of state law at all times relevant to this complaint.

(Claims for Relief)

32. The actions of (all) defendants in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously & sadistically & constituted cruel & unusual punishment in violation of the eighth amendment of the united states constitution.

33. The actions of defendants in using physical force against the plaintiff without —

RELIEF REQUESTED

(State what relief you want from the court.)

A.) Issue a declaratory judgement stating that 32.) the physical abuse of the →

7

## continues Claims For Relief

need or provocation constitutes the tort of assault & battery under the law of Illinois.

34.) The actions of defendants placing the plaintiff back inside his cell with toilet water, urine, & feces on the floor, then taking all of plaintiff's property & turning off his water so he couldn't clean his cell or self for several days constituted a sanitation & personal hygiene violation of the eight amendment of the U.S. const.

35.) The actions of defendant(s) tutsky in using a flashlight to spread open the plaintiff's buttocks & lift & separate the plaintiff's penis & scrotum/testicals when, not only the plaintiff's disciplinary actions didn't even warrant a strip search so extreme but, it's against defendant's extraction proceedure to touch an inmates buttocks or scrotum/testicals because it amounts to sexual abuse constituted sexual abuse violation of the eight Am. of the U.S. con.

36.) The actions of defendant(s) tutsky in spreading the plaintiff's buttocks & lifting & separating the plaintiff's penis & scrotum/testicals with a flashlight knowing that is against his jobs proceedure constituted the tort of intentional infliction of emotional distress under the law of Illinois.

## Continues of Relief Requested

& mental injuries sustained as a result of the plaintiff being assaulted.

2.) $10,000 jointly & severally against defendant (Lutacky) for the emotional & mental injuries sustained as a result of the plaintiff being sexually abuse.

3.) $10,000 jointly & severally against defendants (everybody) for the emotional & mental injuries sustained as a result of the plaintiff being denied sanitation & personal hygiene.

C.) Award punitive damages in the following amounts:

1.) $5,000 each against defendants (everybody).

D.) Grant such other reliefs as it may appear the plaintiff is entitled.

Pg 8

Plaintiff by Defendants (everybody) violated the plaintiff's rights under the eight ~~amendments to the U.S. Const. & assault & battery under stated law~~

2.) The sexual abuse of the plaintiff by defendant Titoky violated the plaintiff's rights under the Eighth Am. of Const. An intentional infliction of emotional distress under the law of Ill.

3.) The denial of sanitation & personal hygien by defendants (everybody) violated the Plaintiff's rights under 8th Am.

4.) Award compensatory damage in the following amounts:
a.) $50,000 jointly & severally against defendants (everybody) for physical, emotional, →

JURY DEMAND    Yes [✓]   No [ ]

Signed this ___3___ day of __November__, 20_19_.

_Demondra Burnett_
( Signature of Plaintiff)

Name of Plaintiff: Demondra Burnett jr.

Inmate Identification Number: R89222

Address: P.O. Box-99, Pontiac, Ill 61764

Telephone Number: 815-842-2816

8